| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE STEUBEN CIRCUIT COURT |
| ) SS: | | |
| COUNTY OF STEUBEN ) | | CAUSE NO. 76C01-1408-CT- |
| | | 76D01- 1408 -CT- 0363 |
| JOHN A. BOWERS, SR., ) | | |
| Plaintiff, ) | | FILED |
| v. ) | | AUG 13 2014 |
| METAL SPINNERS, INC. ) | | Michelle Herbert |
| Defendant. ) | | CLERK, STEUBEN SUPERIOR COURT |

## COMPLAINT

COMES NOW Plaintiff, John A. Bowers, Sr., by counsel, and alleges against Defendant as follows:

1. The Plaintiff is John A. Bowers, Sr., a resident of Steuben County, Orland, Indiana at all material times to this complaint.

2. The Defendant is Metal Spinners, Inc., a company doing business at 914 Wohlert Street, Angola, Indiana 46703. At all material times to this Complaint the Defendant was an "employer" for the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1211 et seq. ("ADA") and the Indiana Worker's Compensation Act.

3. The Plaintiff filed a Charge of Discrimination with the EEOC on January 21, 2014, a copy of which is attached hereto, incorporated herein, and made a part hereof as Ex. "A" (EEOC # 470-2014-00831). The EEOC issued its Dismissal and Notice of Rights/Notice of Suit Rights on May 20, 2014, a copy of which is attached hereto, incorporated herein, and made a part hereof as Ex. "B". All administrative remedies have been exhausted, and all jurisdictional prerequisites have been met

for the filing of this lawsuit.

4. The Defendant employed the Plaintiff from approximately January 2010 until his wrongful termination on September 24, 2013.

5. On or about, November 2010, the Plaintiff suffered from a severe work-related injury to his right shoulder, which required a total of three (3) surgeries. The Plaintiff was placed on work restrictions during this time.

6. Defendant retaliated against Plaintiff for suffering from a disability/perceived disability and/or for asserting his right to Worker's Compensation benefits by placing him on janitorial duties that exacerbated his serious medical condition/ disability/perceived disability. Also, Plaintiff did not receive pay raises although similarly-situated co-workers with the same amount of seniority received numerous pay raises.

7. On or about May 2013 Plaintiff's restrictions were lessened enough that he was able to do his original job. When Plaintiff asked his supervisor if he could be returned to his original position he was told they would never place him back on the 'floor'. Plaintiff informed his supervisor he read government issued posters in the break room notifying workers of their rights to be free from discrimination and that he believed he was being discriminated against based on his disability/perceived disability (shoulder injury).

8. Two (2) days later Plaintiff was called into his plant manager's office. Plaintiff's plant manager told Plaintiff he was aware of the comments made regarding discrimination and he could do whatever he had to do to but he wasn't going to get

2

his job back on the floor.

9. On or about August 28, 2013, after being required to do janitorial work in violation of his restrictions, Plaintiff's disability began causing severe pain in his left shoulder. Plaintiff reported the pain to his foreman, who informed Plaintiff to report to the Safety Director/Human Resource. The Safety Director/Human Resource then told Plaintiff to go to the doctor. Plaintiff was placed on restrictions prohibiting the use of his left shoulder.

10. Plaintiff was terminated September 24, 2013. Plaintiff asserts that Defendant failed to engage in the interactive process or to reasonably accommodate his disability/perceived disability. As a result, Plaintiffs disability was worsened and Defendant retaliated against Plaintiff's request for accommodations, and later his protest against discrimination, by terminating Plaintiff. Plaintiff alleges there were jobs available for him to do that would not have worsened his condition or placed an undue burden on the Defendant.

11. The Plaintiff alleges that he was discriminated against, retaliated against, and terminated because he suffered from a disability/perceived disability/record of impairment, and requested reasonable accommodations. Defendant also failed to engage in the interactive process with Plaintiff. Defendant's conduct was in violation of Claimant's federally protected rights under the ADA.

12. Plaintiff alleges he was discriminated against and retaliated against for asserting his rights to worker's compensation in violation of the Indiana Worker's Compensation Act. At all times Plaintiff was a qualified individual with a

3

disability and could perform his original job either with or without reasonable accommodations. Defendant perceived and regarded Plaintiff as being disabled.

13. The wrongful, discriminatory, and/or retaliatory conduct of the Defendant, subjected the Plaintiff to the loss of his job and job related benefits including income, and caused the Plaintiff to suffer inconvenience, mental anguish, emotional distress, and other damages and injuries.

14. The wrongful, discriminatory, and retaliatory conduct of the Defendant was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA and the Indiana Worker's Compensation Act. Plaintiff is entitled to receive compensatory damages and punitive damages from Defendant.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

_/s/_

_____
Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
Rachel J. Guin, # 31722-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
ismith@myers-law.com
Counsel for Plaintiff

rjg
S:\Bowers, John\Pleadings\Complaint.docx

5

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 470-2014-00831 |

**Equal Employment Opportunity Commission** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| John Bowers, Sr. | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 8375 W. 700 North | Orland, IN 46776 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Metal Spinners, Inc., d/b/a Metal Spinners | 25+ | 260-665-2192 |

| Street Address | City, State and ZIP Code |
|---|---|
| 914 Wohlert Street | Angola, IN 46703 |

EEOC Indianapolis District Office

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

JAN 2 [?] RECEIVED

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 1/2011   Latest: 9/24/13
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant was a qualified employee of the Respondents who suffered from a medical condition constituting a disability/perceived disability/record of impairment under the Americans With Disabilities Act. The Complainant alleges that the Respondent discriminated against and wrongfully terminated him on the basis of his disability/perceived disability/record of impairment in violation of his federally protected rights under the Americans With Disabilities Act of 1990, 42 U.S.C. § 1211 et seq. ("ADA"). (In the alternative, the Complainant alleges that the Respondent discriminated against and terminated him in retaliation for asserting his rights to Indiana Worker's Compensation Act).

II. The Respondent is Metal Spinners, Inc., d/b/a "Metal Spinners", a company doing business at 914 Wohlert Street, Angola, IN 46703. At all material times to this Charge, the Respondent was an "employer" for the purposes of the ADA (as well as Indiana Worker's Compensation Act).

III. The Respondent employed the Complainant from approximately January 2010 until September 24, 2013. On or about, November 2010, the Complainant suffered from a severe work-related injury to his right shoulder, which required a total of three (3) surgeries. The Complainant recently learned that he now may need a fourth surgery to his right shoulder. Complainant was placed on work restrictions during this time.

IV. Respondent retaliated against Complainant for suffering from a disability/perceived disability (or in the alternative, for asserting his right to Worker's Compensation benefits) by placing him on janitorial duties that exacerbated his serious medical condition/disability/perceived disability. Also, Complainant did not receive pay raises although similarly-situated co-workers with the same amount of seniority received numerous pay raises.

Exhibit "A"

V. On or about May 2013 Complainant's restrictions were lessened enough that he was able to do his original job. When Complainant asked his supervisor if he could be returned to his original position he was told they would never place him back on the 'floor'. Complainant informed his supervisor he read government issued posters in the break room notifying worker's of their rights to be free from discrimination and that he believed he was being discriminated against based on his disability/perceived disability.

VI. Two (2) days later Complainant was called into his plant manager's office. Complainant's plant manager told Complainant he was aware of the comments made regarding discrimination and he could do whatever he had to do to but he wasn't going to get his job back on the floor.

VII. On or about August 28, 2013, after doing janitorial work in violation of his restrictions Complainant's disability began causing severe pain in his left shoulder. Complainant reported the pain to his foreman, who informed Complainant to report to the Safety Director/Human Resource. The Safety Director/Human Resource then told Complainant to go to his family physician to determine whether it was a worker's compensation injury or non-work related, and whether he could perform the duties of his job. The Complainant went to his family physician, who referred him to Dr. Cooper (an orthopaedic specialist), for an evaluation. Dr. Cooper placed him on a restriction prohibiting any use of his left shoulder.

VIII. Complainant was terminated September 24, 2013. Complainant asserts that Respondent failed to engage in the interactive process or to reasonably accommodate his disability/perceived disability. As a result, Complainants disability was worsened and Respondent retaliated against Complainant's request for accommodations, and later his protest against discrimination, by terminating Complainant. Complainant alleges there were jobs available for him to do that would not have worsened his condition or placed an undue burden on the Respondent.

IX. The Complainant alleges that he was discriminated against, retaliated against, and terminated because he suffered from a disability/perceived disability/record of impairment, and requested reasonable accommodations. Respondent also failed to engage in the interactive process with Complainant. Respondent's conduct was in violation of Claimant's federally protected rights under the ADA. (In the alternative, Complainant alleges he was discriminated against and retaliated against for asserting his rights to Indiana Worker's Compensation Act). At all times Complainant was a qualified individual with a disability and could perform his job either with or without reasonable accommodations. Respondent perceived and regarded Complainant as being disabled.

X. The wrongful, discriminatory, and/or retaliatory conduct of the Respondent, subjected the Complainant to the loss of his job and job related benefits including income, and caused the Complainant to suffer inconvenience, mental anguish, emotional distress, and other damages and injuries.

XI. The wrongful, discriminatory, and retaliatory conduct of the Respondent was intentional, knowing, willful, wanton, and in reckless disregard of the Complainant's federally protected rights under the ADA (and/or his rights under the Indiana Worker's Compensation Act). Complainant is entitled to receive compensatory damages and punitive damages from Respondent.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements Res. Adams County Exp. 4-14-2016 |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT John M Borchers SR |
| 1-14-14         John M Borchers SR Date             Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 1/14/14 (month, day, year) Shelly Lamb    Shelly Lamb |

EEOC Form 5 (11/09)

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | John A. Bowers, Sr.<br>3200 S. PLATTE RIVER DR., #11<br>Englewood, CO 80110 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2014-00831 | Brien L. Shoemaker,<br>Enforcement Supervisor | (317) 226-6118 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Webster N. Smith,
Director

MAY 20 2014

(Date Mailed)

Enclosures(s)

cc: Metal Spinners, Inc. d/b/a Metal Spinners
c/o Martha M. Lemert, Attorney
FAEGRE BAKER DANIELS
111 E. Wayne Street
Suite 800
Fort Wayne, IN 46802

Christopher Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 South Calhoun Street
Suite 400
Fort Wayne, IN 46802

Exhibit "B"